UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALISOUN MEEHAN, REBECCA MAJOR and
ANDREW FREMONT-SMITH,

     Plaintiffs,

                  COMPLAINT AND
 - against -           JURY TRIAL DEMAND

DETECTIVE NICHOLAS STANICH,
Shield No. 06932, P.O. BRENDAN MEEHAN,
Shield No. 30563, TERRANCE MONAHAN,
MICHAEL R. BLOOMBERG, RAYMOND W. KELLY,
JOSEPH J. ESPOSITO, THE CITY OF NEW YORK,
CONNIE FISHMAN and THE HUDSON RIVER
PARK TRUST,
        Defendants.
----------------------------------------------------------------X

   Plaintiffs, ALISOUN MEEHAN, REBECCA MAJOR and ANDREW FREMONT-

SMITH, by their attorney, ALAN D. LEVINE, ESQ., as and for their complaint herein,

hereby allege as follows:

## JURISDICTION

   1.  This is a civil action, seeking compensatory damages, punitive damages and

attorney's fees.

   2.  This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the first, fourth

and fourteenth amendments to the Constitution of the United States.

   3.  Jurisdiction is founded upon 28 U.S.C. §§1331,1343 and 1367.

   4.  Plaintiffs, invoking the pendent jurisdiction of this Court, also seek

compensatory and punitive damages for false arrest, malicious prosecution, malicious

abuse of criminal process, and inducement of fear of serious illness.

## VENUE

5.     Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6.     Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7.     At all times relevant hereto, plaintiff ALISOUN MEEHAN was and is a natural person, resident in the County of Queens, City and State of New York.

8.     At all times relevant hereto, plaintiff REBECCA MAJOR was and is a natural person, resident in the County, City and State of New York.

9.     At all times relevant hereto, plaintiff ANDREW FREMONT-SMITH was and is a natural person, resident in the County, City and State of New York.

10.     At all times relevant hereto, defendant DETECTIVE NICHOLAS STANICH, Shield No. 06932 (hereinafter "STANICH") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

11.     At all times relevant hereto, defendant P.O. BRENDAN MEEHAN, Shield No. 30563 (hereinafter "MEEHAN") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

12.     At all times relevant hereto, defendant TERRANCE MONAHAN (hereinafter "MONAHAN") was and is natural person, employed as a chief by the Police Department of defendant CITY OF NEW YORK.

13.     At all times relevant hereto, defendant MICHAEL R. BLOOMBERG (hereinafter

"BLOOMBERG") was and is a natural person, employed as Mayor of defendant CITY OF NEW YORK.

14.    At all times relevant hereto, defendant RAYMOND W. KELLY (hereinafter "KELLY") was and is a natural person, employed as Commissioner of the Police Department of defendant CITY OF NEW YORK.

15.    At all times relevant hereto, defendant JOSEPH J. ESPOSITO (hereinafter "ESPOSITO") was and is a natural person, employed as Chief of the Police Department of defendant CITY OF NEW YORK.

16.    At all times relevant hereto, defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

17.    At all times relevant hereto, defendant CONNIE FISHMAN (hereinafter "FISHMAN") was and is President of defendant HUDSON RIVER PARK TRUST.

18.    At all times relevant hereto, defendant HUDSON RIVER PARK TRUST (hereinafter "TRUST") was and is a public benefit corporation, organized and existing pursuant to the laws of the State of New York.

19.    The individual defendants are sued in their individual capacities as well as in their capacities as employees of defendant CITY OF NEW YORK.

20.    On or about November 29, 2004, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff ALISOUN MEEHAN served upon the Comptroller of the City of New York and upon defendant TRUST verified written notices of claim, setting forth the time, place, nature and manner in which said claims rose.

21.    On or about November 26, 2004, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiffs REBECCA MAJOR and ANDREW FREMONT-SMITH served upon the Comptroller of the City of New York and upon defendant TRUST verified written notices of claim setting forth the time, place, nature and manner in which said claims arose.

22.    More than thirty (30) days have elapsed since the aforesaid verified notice of claim were served and both the Comptroller and defendant TRUST have neglected and refused to make payment of said claims.

23.    This action is commenced within one year from the date the pendent claims herein accrued.

## FACTS COMMON TO ALL CAUSES OF ACTION

24.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "23" hereinabove as if more fully set forth at length herein.

25.    On or about August 31, 2004, at approximately 3:00 P.M., in the vicinity of Church and Fulton Streets in the County, City and State of New York, plaintiffs were lawfully present on the sidewalk for the commencement of a march in protest of certain policies of the United States government.

26.    Pursuant to the instructions of a superior officer of the Police Department of defendant CITY OF NEW YORK, who was present at the aforesaid time and place, plaintiffs were commencing to proceed along the sidewalk two abreast.

27.    Almost immediately after plaintiffs commenced to walk as hereinabove described, defendant MONAHAN shouted, "That's it" and ordered the arrests of all persons walking on the sidewalk, including plaintiffs.

28.     Immediately upon hearing the shout of "That's it," plaintiffs, along with the other persons attempting to participate in the march, were blocked from proceeding any farther by a phalanx of police officers employed by defendant CITY and commanded by defendant MONAHAN.

29.     Plaintiffs were physically penned in through the use of plastic orange netting applied by the aforesaid officers.

30.     Plaintiff FREMONT-SMITH was placed under arrest by defendant MEEHAN.

31.     Plaintiffs MAJOR and MEEHAN were placed under arrest by defendant STANICH.

32.     Each plaintiff was restrained with plastic handcuffs, photographed and compelled to board a bus.

33.     Plaintiff FREMONT-SMITH was placed in one bus and plaintiffs MAJOR and MEEHAN were placed in another.

34.     The aforesaid buses transported the plaintiffs to Pier 57 on the Hudson River, which is a facility owned, operated and maintained by defendant TRUST.

35.     Once they had arrived at Pier 57, plaintiffs exited their respective buses, were photographed again, had their personal property vouchered and were placed in large pens made of chain link fencing.

36.     Pier 57 is a former Metropolitan Transportation Authority bus garage.  Pursuant to a written agreement between defendants CITY and TRUST, it was being used during the 2004 Republican National Convention as a detention center for persons arrested while exercising their rights pursuant to the first amendment.

37.     The floor of Pier 57, including all the portions thereof divided into holding pens, was covered with a thick, dark layer representing years of accumulated soot, diesel exhaust, petroleum

residues and other substances.

38.    Upon information and belief, the aforesaid layer of accumulated chemical grime on the floors of the pens in which plaintiffs were held contained toxic and carcinogenic substances.

39.    Although there were benches placed around the inner perimeter of the aforesaid pens, their seating capacity was woefully inadequate to accommodate the number of persons being held in each pen.

40.    Consequently, plaintiffs were forced to spend most or all of their time while incarcerated on the floor and, thus, in direct contact with the aforesaid toxic and carcinogenic grime.

41.    Each plaintiff was arrested and charged with two counts of disorderly conduct, a violation; and one count of parading without a permit, a violation of the New York City Administrative Code.

42.    After being held at Pier 57 for differing amounts of time, plaintiffs were transported to Manhattan Central Booking, a facility operated by the Police Department of defendant CITY, which is located at 100 Centre Street in the County, City and State of New York.

43.    After being held for a period of time at 100 Centre Street, each plaintiff was brought before a Judge of the Criminal Court of the City of New York and released in his or her own recognizance.

44.    Plaintiff MEEHAN was held for approximately fifty-four (54) hours.

45.    Plaintiff MAJOR was held for approximately fifty-one (51) hours.

46.    Plaintiff FREMONT-SMITH was held for approximately thirty (30) hours.

47.    On or about October 13, 2004, all charges against all three plaintiffs were dismissed in the Criminal Court of the City of New York, County of New York on the motion of the New York County District Attorney.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST
### DEFENDANTS STANICH, MEEHAN and MONAHAN
### (42 U.S.C. § 1983)

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "47" hereinabove as if more fully set forth at length herein.

49. The individual defendants violated plaintiffs' right to speak and peacefully assemble, guaranteed to them by the first and fourteenth amendments to the Constitution of the United States, in that, without any cause or provocation whatsoever, defendants STANICH and MEEHAN, acting pursuant to the directions of defendant MONAHAN, arrested plaintiffs while they were engaged in lawful activity involving the expression of political opinion.

50. Because of the aforesaid acts committed by defendants STANICH and MEEHAN, while acting pursuant to the direction of defendant MONAHAN, plaintiffs suffered a deprivation of the liberty guaranteed to each them by the first and fourteenth amendments to the Constitution of the United States and, as a result, were denied the opportunity to freely express his or her opinions on a matter of public interest and importance.

51. By reason of the aforesaid unconstitutional and illegal actions taken against them by defendants STANICH and MEEHAN, while acting pursuant to the directions of defendant MONAHAN, each plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants STANICH, MEEHAN and MONAHAN.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST
### DEFENDANTS STANICH, MEEHAN and MONAHAN
### (42 U.S.C. § 1983)

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "51" hereinabove as if more fully set forth at length herein.

53.    Defendants STANICH, MEEHAN and MONAHAN violated the right to the due process of law guaranteed to each plaintiff by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, they, without any cause or provocation whatsoever, falsely placed the plaintiffs under arrest, falsely imprisoned them and maliciously prosecuted them.

54.    Because of the aforesaid acts, committed by defendants STANICH and MEEHAN while they were acting pursuant to the direction of defendant MONAHAN, plaintiffs suffered a deprivation of the right to the due process of law guaranteed to each of them by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered a loss of liberty, was denied the opportunity to freely express his or her opinions on a matter of public interest and importance, lost time from and/or opportunities for employment, suffered present physical and emotional injuries requiring medical and psychological treatment, suffered possible future injury likely to require medical and psychological treatment and reasonably anticipates having future expenses for injuries and illnesses arising from his or her incarceration.

55.    By reason of the aforesaid unconstitutional and illegal actions taken against them by defendants STANICH and MEEHAN, while they were acting pursuant to the directions of defendant MONAHAN, each plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars each as punitive damages against defendants STANICH, MEEHAN and MONAHAN.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS BLOOMBERG, KELLY, ESPOSITO and THE CITY OF NEW YORK (42 U.S.C. § 1983)

56.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "55" hereinabove as if more fully set forth at length herein.

57.    Pursuant to an official policy of defendant CITY OF NEW YORK, adopted in order to suppress and abridge the rights guaranteed to plaintiffs by the first and fourteenth amendments to the Constitution of the United States, the processing the of arrests of the plaintiffs was intentionally, purposely and maliciously delayed and the period of their imprisonment was intentionally, purposely and maliciously extended, so that, by the time they were each released from incarceration, their opportunities to express their political beliefs and points of view during the Republican National Convention were lost.

58.    As a result of the implementation of the aforesaid official policy of defendants BLOOMBERG, KELLY, ESPOSITO and THE CITY OF NEW YORK, plaintiffs suffered both a deprivation of the right to free speech guaranteed to them by the first and fourteenth amendments to the Constitution of the United States and a deprivation of their right to the due process guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States, in that they, through no culpable conduct of their own, but solely because of the aforesaid policy of defendants BLOOMBERG, KELLY, ESPOSITO and CITY OF NEW YORK, were intentionally, purposely and maliciously deprived of their liberty and their opportunity to speak on matters of public interest and concern, and were confined for an illegal and unconstitutional length of time.

59.    By reason of the unconstitutional and illegal official policy of defendants BLOOMBERG, KELLY, ESPOSITO and CITY OF NEW YORK, each plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS BLOOMBERG, KELLY, ESPOSITO and FISHMAN
### (42 U.S.C. § 1983)

60.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "59" hereinabove as if more fully set forth at length herein.

61.     At a date prior to the incarceration of plaintiffs at Pier 57, defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN approved the use of said facility as a place of incarceration for persons arrested while protesting during the Republican National Convention, including plaintiffs.

62.     At the time defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN approved the use of Pier 57 for the purpose of incarceration, as stated hereinabove, they were or should have been fully aware that said facility contained on its floor, on its walls, on its ceiling and in the air therein, dangerous levels of toxic and carcinogenic substances.

63.     Defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN's act of approving the use of Pier 57 as a place of incarceration for persons arrested while protesting the Republican National Convention, including plaintiffs, although they knew or should have known that the environmental hazards present therein posed an unreasonable risk of serious damage to the present and future health of persons confined therein, including plaintiffs, demonstrates that they acted with deliberate indifference to the health and safety of all persons incarcerated therein, including plaintiffs.

64.     Defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN violated plaintiffs' right to the due process of law guaranteed to them by the fourteenth amendment to the Constitution of the United States in that, acting under color of state law, they, knowing of the present and future risk to the health and safety of arrestees, including plaintiffs, permitted Pier 57 to be used as a place for incarcerating persons arrested during the Republican National Convention, including plaintiffs, thereby exposing plaintiffs to the aforesaid toxic and carcinogenic substances.

65.     As a result of the aforesaid act committed by defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN, each plaintiff suffered a deprivation of the right to the due process of law guaranteed to him or her by the fourteenth amendment to the Constitution of the United States

and, as a result, suffered a loss of liberty, was denied the opportunity to freely express his or her opinions on a matter of public interest and importance, lost time from and/or opportunities for employment, suffered present physical and emotional injuries requiring medical and psychological treatment, suffered possible future injury likely to require medical and psychological treatment and reasonably anticipates having future expenses for injuries and illnesses arising from his or her incarceration.

66.    By reason of the unconstitutional and illegal actions taken against plaintiffs by defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN, each plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST DEFENDANTS STANICH, MEEHAN,
### MONAHAN and THE CITY OF NEW YORK
### (False Arrest)

67.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "66" hereinabove as if more fully set forth at length herein.

68.    On or about August 31, 2004, at approximately 3:00 P.M., in the vicinity of Church and Fulton Streets, in the County, City and State of New York, plaintiffs were, without any probable cause therefor, arrested by defendants STANICH and MEEHAN, who were acting pursuant to the direction of defendant MONAHAN.

69.    Against her own free will, plaintiff MEEHAN was held for approximately fifty-four (54) hours.

70.    Against her own free will, plaintiff MAJOR was held for approximately fifty-one (51)

hours.

71.     Against his own free will, plaintiff FREMONT-SMITH was held for approximately thirty (30) hours.

72.     Defendants STANICH and MEEHAN, acting under the direction of defendant MONAHAN, falsely, maliciously, wrongfully, unlawfully and illegally accused each plaintiff of having committed two counts of disorderly conduct and one count of parading without a permit.

73.     Each plaintiff was illegally, falsely, maliciously, wrongfully and unlawfully kept in confinement in buses being used by the Police Department of defendant CITY OF NEW YORK, at Pier 57 and at Manhattan Central Booking.

74.     At the time they committed the aforesaid acts of false arrest and false imprisonment, defendants STANICH, MEEHAN AND MONAHAN were acting within the scope of their employment by defendant CITY OF NEW YORK.

75.     By reason of the false arrest and false imprisonment committed against each of them by defendants STANICH, MEEHAN and MONAHAN, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, each plaintiff suffered a loss of liberty, was denied the opportunity to freely express his or her opinions on a matter of public interest and importance, lost time from and/or opportunities for employment, suffered present physical and emotional injuries requiring medical and psychological treatment, suffered possible future injury likely to require medical and psychological treatment and reasonably anticipates having future expenses for injuries and illnesses arising from his or her incarceration.

76.     By reason of the unconstitutional and illegal actions taken against plaintiffs by defendants STANICH, MEEHAN and MONAHAN, while they were acting in the course of their employment by defendant CITY OF NEW YORK, each plaintiff has been damaged in the amount

of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00)

Dollars as punitive damages against defendants STANICH, MEEHAN and MONAHAN.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST DEFENDANTS STANICH, MEEHAN,
### MONAHAN and THE CITY OF NEW YORK
### (Malicious Prosecution)

77.    Plaintiffs repeat, reiterate and reallege each and every allegation contained

in paragraphs "1" through "76" hereinabove as if more fully set forth at length herein.

78.    On or about August 31, 2004, at approximately 3:00 P.M., in the vicinity of Church

and Fulton Streets, in the County, City and State of New York, defendants STANICH and

MEEHAN, acting under the direction of defendant MONAHAN, maliciously caused criminal

prosecutions to be commenced against each plaintiff by their respective acts of falsely and

maliciously arresting plaintiffs and charging each of them with two counts of disorderly conduct and

one count of parading without a permit.

79.    Defendants STANICH, MEEHAN and MONAHAN were without probable cause to

arrest any of the plaintiffs for the offenses that they charged them with.

80.    On or about October 13, 2004, all charges against plaintiffs were dismissed in the

Criminal Court of the City of New York, County of New York on the motion of the New York

County District Attorney.

81.    At the time defendants STANICH, MEEHAN and MONAHAN falsely and

maliciously caused the aforesaid prosecutions to be commenced against each plaintiff, these

defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

82.    By reason of the prosecution maliciously commenced against each plaintiff by

defendants STANICH, MEEHAN and MONAHAN, while they were acting within the scope of their

employment by defendant CITY OF NEW YORK, each plaintiff suffered a loss of liberty, was denied the opportunity to freely express his or her opinions on a matter of public interest and importance, lost time from and/or opportunities for employment, suffered present physical and emotional injuries requiring medical and psychological treatment, suffered possible future injury likely to require medical and psychological treatment and reasonably anticipates having future expenses for injuries and illnesses arising from his or her incarceration.

83.    By reason of the aforesaid unconstitutional and illegal actions taken against them by defendants STANICH, MEEHAN and MONAHAN, while they were acting in the course of their employment by defendant CITY OF NEW YORK, each plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants STANICH, MEEHAN and MONAHAN.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS BLOOMBERG, KELLY, ESPOSITO and THE CITY OF NEW YORK (Abuse of Criminal Process)

84.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "83" hereinabove as if more fully set forth at length herein.

85.    Defendants BLOOMBERG, KELLY and ESPOSITO, prior to plaintiffs' arrests, intentionally, maliciously and illegally devised a plan and strategy to hold persons arrested in protests during the Republic National Convention for periods in excess of twenty-four (24) hours.

86.    The purpose of the aforementioned plan was to hold demonstrators who were arrested for such excessively lengthy periods of time that they would not be able to renew the exercise of their free speech activities until the President of the United States had concluded his appearance at the aforesaid Convention.

87.    As a result of the aforesaid illegal and improper policy, plaintiff MEEHAN was held for approximately fifty-four (54) hours; plaintiff MAJOR was held for approximately fifty-one (51) hours; and plaintiff FREMONT-SMITH was held for approximately thirty (30) hours.

88.    At the time that defendants BLOOMBERG, KELLY and ESPOSITO planned and implemented the aforesaid policy, they were acting within the course of their employment as employees of defendant CITY OF NEW YORK.

89.    Defendants BLOOMBERG, KELLY and ESPOSITO intentionally, maliciously and illegally abused criminal process as aforesaid purely so as to prevent plaintiffs from the further exercise of their first amendment rights during the Republican National Convention and held each one of them for more than twenty-four (24) hours without any proper excuse or justification therefor and, as a result each plaintiff suffered a loss of liberty, was denied the opportunity to freely express his or her opinions on a matter of public interest and importance, lost time from and/or opportunities for employment, suffered present physical and emotional injuries requiring medical and psychological treatment, suffered possible future injury likely to require medical and psychological treatment and reasonably anticipates having future expenses for injuries and illnesses arising from his or her incarceration.

90.    By reason of the aforesaid unconstitutional and illegal actions taken against them by defendants BLOOMBERG, KELLY and ESPOSITO, while they were acting in the course of their employment by defendant CITY OF NEW YORK, each plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BLOOMBERG, KELLY and ESPOSITO.

**AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS**
**THE CITY OF NEW YORK, and THE HUDSON RIVER PARK TRUST**
**(Future Medical Expenses)**

91.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "90" hereinabove as if more fully set forth at length herein.

92.    On a date prior to August 26, 2004, defendants CITY OF NEW YORK and HUDSON RIVER PARK TRUST entered into an agreement, pursuant to the terms of which Pier 57 was to be used as a place of incarceration for persons arrested for alleged illegal activities related to the Republican National Convention.

93.    At the time the aforesaid agreement was entered into, defendant CITY and TRUST, through certain of their agents, servants and employees, were aware that Pier 57 contained on its floors, on its walls, on its ceiling and in the air therein, dangerous levels of toxic and carcinogenic substances.

94.    Plaintiffs were each incarcerated at Pier 57 after being arrested during the Republican National Convention.

95.    As a result of their incarceration at Pier 57, plaintiffs were each exposed to the aforesaid dangerous levels of toxic and carcinogenic substances.

96.    As a result of the aforesaid exposure to dangerous toxic and carcinogenic substances, each plaintiff reasonably anticipates consequential damages in the form of future expenses for medical monitoring and testing.

97.    Consequently, as a result of their exposure to the aforementioned dangerous, toxic and carcinogenic substances, which exposure occurred during their incarceration at Pier 57, each plaintiff demands the sum of One Hundred Thousand ($100,000.00) Dollars from defendants CITY and TRUST to pay the costs of required future medical monitoring and testing.

WHEREFORE, plaintiffs, ALISOUN MEEHAN, REBECCA MAJOR and ANDREW FREMONT-SMITH, each demand judgment against defendants DETECTIVE NICHOLAS

STANICH, Shield No. 06932, P.O. BRENDAN MEEHAN, Shield No. 30563, TERRANCE

MONAHAN, MICHAEL R. BLOOMBERG, RAYMOND W. KELLY, JOSEPH J. ESPOSITO,

THE CITY OF NEW YORK, CONNIE FISHMAN and THE HUDSON RIVER PARK TRUST,

as follows:

FIRST CAUSE OF ACTION:    One  Million  ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants STANICH, MEEHAN and MONAHAN;

SECOND CAUSE OF ACTION:   One  Million  ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants STANICH, MEEHAN and MONAHAN;

THIRD CAUSE OF ACTION:    One Million ($1,000,000.00) Dollars;

FOURTH CAUSE OF ACTION:   One  Million  ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN;

FIFTH CAUSE OF ACTION:    One  Million  ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants STANICH, MEEHAN and MONAHAN;

SIXTH CAUSE OF ACTION:    One  Million  ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants STANICH, MEEHAN and MONAHAN;

SEVENTH CAUSE OF ACTION:  One  Million  ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BLOOMBERG, KELLY and ESPOSITO;

EIGHTH CAUSE OF ACTION:    One Hundred Thousand ($100,000.00) Dollars.

In addition, plaintiffs demand the costs and disbursements of this action,

including their attorney's fees, pursuant to 42 U.S.C. §1988.


Dated:  Kew Gardens, New York
        May 25, 2005


 

_____
ALAN D. LEVINE (AL 3634)
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
718-793-6363
File No. 1976